**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-2467

TENG YANG,

Petitioner,

versus

JOHN ASHCROFT,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A72-372-537)

Submitted:  August 27, 2004          Decided:  October 4, 2004

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ning Ye, HEMENWAY & ASSOCIATES, Flushing, New York, for Petitioner. Peter D. Keisler, Assistant Attorney General, Christopher C. Fuller, Senior Litigation Counsel, Lyle Jentzer, Jedidah Hussey, Legal Intern, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Teng Yang, a native and citizen of the People's Republic of China, petitions for review of a Board of Immigration Appeals ("Board") order affirming without opinion an immigration judge's denial of Yang's applications for asylum, withholding of removal, and protection pursuant to Article 3 of the United Nations' Convention Against Torture. For the reasons discussed below, we deny the petition for review.

Yang challenges the immigration judge's findings that his testimony was incredible and that he failed to demonstrate past persecution or a well-founded fear of future persecution. The decision to grant or deny asylum relief is conclusive "unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D) (2000). Moreover, credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer specific, cogent reasons for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989).

We have reviewed the immigration judge's decision and the record and find that Yang failed to establish his eligibility for asylum on a protected ground. See 8 C.F.R. § 1208.13(a) (2004) (stating that burden of proof is on alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992). As

the immigration judge's decision in this case is not manifestly contrary to law, we cannot grant the relief Yang seeks.

Additionally, we uphold the denial of Yang's application for withholding of removal. The standard for withholding of removal is more stringent than that for granting asylum. <u>Chen</u>, 195 F.3d at 205. To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." <u>INS v. Cardoza-Fonseca</u>, 480 U.S. 421, 430 (1987). Because Yang fails to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

Finally, we conclude that Yang has failed to prove that it is more likely than not that he would be subjected to torture upon his return to the People's Republic of China, in violation of the Convention Against Torture. Based on our review of the record, we find that Yang has failed to show a "clear probability of persecution" or to show that it is "more likely than not" that he would face torture if deported. <u>See</u> 8 C.F.R. § 1208.16(c)(2) (2003) (stating that to qualify for protection under the Convention Against Torture, an alien must show "it is more likely than not that he . . . would be tortured if removed to the proposed country of removal").

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>